## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID WEBB

and

MELISSA WEBB

       Plaintiffs**,**

v.

**Case No.:** 11-cv-2606 JTM/KGG

CONVERGENT OUTSOURCING, INC.

d/b/a ER SOLUTIONS, INC.,

       Defendant.

### **COMPLAINT AND JURY DEMAND**

### **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### **VENUE**

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiffs reside within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff David Webb is a natural person.

9. Plaintiff Melissa Webb is a natural person.

10. Plaintiffs reside in the City of Olathe, County of Johnson, State of Kansas.

11. The Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. The Plaintiffs are each an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

13. Defendant, Convergent Outsourcing, Inc. is a foreign corporation.

14. Defendant maintains a Kansas resident agent of The Corporation Company, Inc., 112 S.W. 7th Street, Suite 3C, Topeka, Kansas 66603.

15. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. The principal business of the Defendant is the collection of debts using the mails and telephone.

17. Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

18. Sometime prior to the filing of the instant action, the Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

19. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the original creditor.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiffs dispute the Account.

23. The Plaintiffs request that the Defendant cease all further communication on the Account.

24. The Plaintiff is represented by the undersigned attorney with regard to the subject debt.

25. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

26. In the year prior to the filing of the instant action the Defendant, acting through its representatives, employees and/or agents, made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff.

27. Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

28. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiffs and Defendant's representatives.

29. The purpose of these telephone calls was to attempt to collect the Account.

30. The telephone calls conveyed information regarding the Account directly or indirectly to the Plaintiffs.

31. The telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiffs was to attempt to collect the Account.

33. During the telephone calls and voicemails representatives, employees and/or agents of the Defendant attempting to collect the account disclosed confidential account information to a third party in violation of 15 U.S.C. 1692 c(b).

34. During the telephone calls representatives, employees and/or agents of the Defendant caused Plaintiffs' telephone continuously to ring with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

35. During the telephone calls representatives, employees and/or agents of the Defendant repeatedly engaged Plaintiffs in conversation with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

36. The Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.

37. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper

    Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF