IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID WEBB AND MELISSA WEBB,

        Plaintiffs,

vs.                                 Case No. 11-2606-JTM

CONVERGENT OUTSOURCING, INC. D/B/A/ ER
SOLUTIONS, INC.,

        Defendant.

MEMORANDUM AND ORDER

Before the court is defendant, Convergent Outsourcing, Inc.'s (d/b/a/ ER Solutions Inc.) Motion to Dismiss (Dkt. No. 7). ER Solutions argues the Complaint lacks sufficient factual assertions either to put it on notice of the claim or to allow it to respond. The court agrees and grants the motion.

**I. Facts**

Taking the assertions contained in the Complaint as true, the facts are as follows. The plaintiffs, David and Melissa Webb, live in Olathe, Kansas. Sometime prior to this action, they incurred a debt owing on a personal account. The account went into default with the original creditor, and it was transferred to ER Solutions for collection. In the year prior to filing suit, ER Solutions, through its agents and employees made telephone calls to the Webbs and left voicemail messages. The purpose of the phone calls was to collect the debt. During the phone calls, ER

Solutions disclosed confidential information to a third party, and caused the telephone to ring with intent to annoy, abuse, and harass the Webbs. And ER Solutions repeatedly called the Webbs and tried to engage them in conversation with the intent to annoy, abuse, and harass. "As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress." Dkt. No. 1, pg. 4.

**II. Legal Standard: 12(b)(6)**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving

a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, L.L.C. v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Hall*, 584 F.3d at 863. "In other words, a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555).

This pleading requirement serves two purposes: (1) "'to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense'"; and (2) "'to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim.'" *Id.* at 1215 (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008)).

**III. Analysis**

"Generally, in connection with the collection of a debt, the FDCPA prohibits debt collectors from (1) engaging in harassing, oppressive or abusive conduct; (2) using false, deceptive or misleading representations or means; and (3) using unfair or unconscionable means." *Dillon v.*

3

*Riffel-Kuhlmann*, 574 F. Supp.2d 1221, 1223 (D. Kan. 2008) (citing *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002)). The Webbs contend ER Solutions violated 15 U.S.C. §§ 1692d(5) and 1692c(b) of the Act. Section 1692d(5) prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Section 1692c(b) prohibits a debt collector from communicating with any person other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector," without the prior consent of the consumer given directly to the debt collector, or with the permission of a court.

  Here, the allegations in the Complaint fail to meet the Rule 8 pleading standard. First, the Complaint contains few specific factual allegations entitled to the presumption of truth; most of the numbered paragraphs are simply formulaic recitations of the elements of the cause of action. This is not sufficient. *See Kansas Penn Gaming, L.L.C.*, 656 F.3d at 1214. On the § 1692d(5) claim, the Complaint only alleges "Defendant caused Plaintiffs' telephone continuously to ring with intent to annoy, abuse and harass Plaintiff" and "Defendant repeatedly engaged Plaintiffs in conversations with intent to annoy, abuse, and harass Plaintiff." Dkt. No. 1, pg. 4. These words track the exact language of the statute. The plaintiffs did not include any specific facts regarding the conversations that they had with ER Solutions. Likewise, on the § 1692c(b) claim, the Complaint states, "[d]uring the telephone calls and voicemails representatives, employees and/or agents of the Defendant attempting to collect the account disclosed confidential account information to a third party in violation of 15 U.S.C. 1692 c(b)"; a near verbatim recitation of the statutory language. After removing the conclusory allegations not entitled to the assumption of truth, the only facts remaining

4

are that the plaintiffs lived in Kansas, that ER Solutions is a resident of Kansas, that the debt was a consumer debt, and that ER Solutions is a debt collector. This information fails to provide enough facts to state a claim upon which relief can be granted. ER Solutions has no notice of the misconduct, and the Webb's conclusory allegations simply do not take the Complaint out of the speculative realm. Therefore, the court grants ER Solutions's Motion to Dismiss (Dkt. No. 7).

IT IS ACCORDINGLY ORDERED this 19th day of January 2012, that defendant's Motion to Dismiss (Dkt. No. 7) is granted.

s J. Thomas Marten
J. THOMAS MARTEN, JUDGE